Barbour, J.
This action is brought by a married woman, living apart from her husband, to obtain a perpetual injunction, by judgment, restraining the defendant from removing or meddling with certain household furniture; in the actual possession of the plaintiff, and claimed by her as owner, which the defendant threatens to remove and sell under and by virtue of a chattel mortgage thereon alleged by him to have been executed by the plaintiff’s husband. A preliminary injunction having been obtained by the plaintiff, ex parte, the defendant now moves, on the original papers and additional affidavits, to dissolve it.
The complaint avers that the property in question was given to the plaintiff by her husband, while they were *152 living together; that subsequently, a separation was agreed upon between them, and, thereupon, and in consideration thereof and of certain things done and covenants to be thereafter performed by the plaintiff and her trustee, the husband assigned and transferred the said property to Albert A. bTunoz, in trust for the sole use and benefit of the plaintiff, to be exclusively possessed and enjoyed by her, and to be disposed of by the trustee, for her benefit, in such manner, and at such times, as she might direct. The alleged gift was anterior to the date of the mortgage, which latter preceded the trust deed; but I am convinced by the evidence that when that deed was executed, neither the plaintiff nor the trustee had any notice, constructive or otherwise, of the existence of the mortgage.
2sTo legal title could have been vested in the wife by the alleged gift from her husband, and I am not satisfied from the affidavits before me, taking all the facts and circumstances therein detailed into consideration, that any equitable interest therein was conveyed, which was not subsequently revoked, with the assent of the wife at the time of, and in and by, the execution by all the parties, of the trust deed. If, therefore, the plaintiff is entitled to sustain this action, it must be by virtue of some legal or equitable ownership or right of possession vested in her by the trust deed.
By the terms of the deed, undoubtedly, the plaintiff is equitably entitled to the exclusive possession and use of the goods so long as they shall remain otherwise undisposed of by the trustee, with ber assent. But she is a mere cestui que trust; the legal ownership, and, therefore, as against every one except the plaintiff herself, the legal right to the possession, is in the trustee, and he may, no doubt, sustain an action, in a proper case, against any one *153 who shall, under color of law, wrongfully and inequitably attempt to disturb him or his cestui que trust, in such possession. Indeed, it would be his duty so to protect the trust property, if necessary, on being furnished with sufficient funds for that purpose by his cestui que trust. But I know of no instance, in which a cestui que trust has successfully prosecuted to judgment or final decree a suit of this character, without joining the trustee; and the able counsel for the plaintiff has found himself unable to cite any. I am of opinion that the trustee is a necessary party in an action like this, (see Barbour on Parties, 439 et seq.) and, therefore, that the injunction order must be set aside with $10 costs, unless the plaintiff shall, within ten days after the entry of the order hereon, apply for and obtain leave, and serve an amended summons and complaint, making the trustee a party plaintiff, and pay to the defendant $10 costs of this motion. On complying with these conditions, the motion to be deemed denied.